# CRIMINAL CASES.

## COMMONWEALTH *vs.* ALFRED CUTLER.[*]

A previous conviction of the offence of keeping a tenement used for the unlawful sale of intoxicating liquors is no defence to an indictment for being a common seller of intoxicating liquors at the same time and place.

If a *nol. pros.* has been entered in an indictment for being a common seller of intoxicating liquors, upon an agreement by the defendant to discontinue the sale, the defendant may be convicted upon an indictment subsequently found, which includes the same time covered by the original indictment, although it does not appear at the trial that the defendant had made sales of liquor after the entry of the *nol. pros.*

INDICTMENT found at October term of the superior court, for being a common seller of intoxicating liquors from the 1st of January 1863 to the day of finding the indictment.

At the trial, before *Ames*, J., it was agreed that at the last June term of the same court the defendant was indicted for keeping a tenement used for the unlawful sale of intoxicating liquors, and also for being a common seller of intoxicating liquors, and that, by an arrangement with the district attorney, the defendant pleaded guilty to the first indictment, and received his sentence thereon, and a *nol. pros.* was entered in the second, upon the defendant's agreeing to discontinue the sale. At the trial of the present indictment, the district attorney offered the same evidence upon which the indictments were found at the June term, saying that the defendant had made sales since that time. The defendant objected that the conviction at that term was a defence to this indictment, unless subsequent sales should be proved to have been made ; and that the district attorney was bound by his agreement not to prosecute this indictment, unless it appeared that the defendant had made sales since the June term. The judge overruled these objections, and the jury returned a verdict of guilty. The defendant alleged exceptions.

*C. R. Train*, for the defendant.

*Foster*, A. G., for the Commonwealth.

[*] This case and the two following cases were argued in March 1864

DEWEY, J.   The jury have found the defendant guilty of the offence of being a common seller of intoxicating liquors in violation of the provisions of Gen. Sts. *c.* 86, § 31.   In support of the prosecution, the government offered the usual evidence of various sales of liquors made by the defendant.   To the competency of a portion of this evidence the defendant interposes the objection that it applied to sales made during a period of time embraced in an indictment against him upon which he had been convicted under Gen. Sts. *c.* 87, of keeping and maintaining a common nuisance, by reason of his keeping a tenement used for the illegal keeping and sale of intoxicating liquors.   In the opinion of the court this latter offence was a distinct and independent one, created by a different statute, and a conviction thereof was no legal bar to an indictment for the offence of being a common seller under the provisions of *c.* 86.   *Commonwealth* v. *Bubser,* 14 Gray, 83.

No legal ground for exceptions arises from the arrangement alleged to have been made with the district attorney, as to forbearing to prosecute the defendant for this offence.   It may be properly assumed that this prosecution was instituted upon sufficient evidence furnished to the public prosecutor that the defendant had violated the conditions of that arrangement.

*Exceptions overruled.*